Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:     (916) 443-6911
Facsimile:     (916) 447-8336
E-Mail:         mark@markmerin.com
                paul@markmerin.com

Attorneys for Plaintiffs
DAVON WILLIAMS and JAMES FRANKLIN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO DIVISION

| | |
|---|---|
| DAVON WILLIAMS and JAMES FRANKLIN,<br><br>        Plaintiffs,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

        This is civil rights action arising out of the false arrest and use of unreasonable force against DAVON WILLIAMS and JAMES FRANKLIN by sheriff's deputies employed by the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

## JURISDICTION & VENUE

        1.      This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1331 (in that they arise under the United States Constitution); 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

        2.      Venue is proper in the United State District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because the Defendants are located in the Eastern District of California

1

1  and because many of the acts and/or omissions described herein occurred in the Eastern District of

2  California.

3       3.      Intradistrict venue is proper in the Sacramento Division of the Eastern District of

4  California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or

5  omissions which occurred in the County of Sacramento, California.

6       4.      Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN filed a government claim with

7  the COUNTY OF SACRAMENTO regarding the claims asserted herein on June 19, 2017. That claim

8  was rejected by operation of law on August 3, 2017. *See* Cal. Gov. Code § 912.4(c).

9                                         **<u>PARTIES</u>**

10      5.      Plaintiff DAVON WILLIAMS is a resident of the State of California, County of

11 Sacramento.

12      6.      Plaintiff JAMES FRANKLIN is a resident of the State of California, County of

13 Sacramento.

14      7.      Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of

15 Cal. Gov. Code § 811.2.

16      8.      Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity"

17 within the definition of Cal. Gov. Code § 811.2.

18      9.      Defendant DOE 1 is, and at all material times herein was, a law enforcement officer

19 employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

20 DEPARTMENT, acting within the scope of that agency or employment and under color of state law.

21 Defendant DOE 1 is sued in his individual capacity.

22      10.     Defendant DOE 2 is, and at all material times herein was, a law enforcement officer

23 employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

24 DEPARTMENT, acting within the scope of that agency or employment and under color of state law.

25 Defendant DOE 2 is sued in his individual capacity.

26      11.     Defendants DOE 1 to 20 are and/or were agents or employees of Defendants COUNTY

27 OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and acted within

28 the scope of that agency or employment and under color of state law. The true and correct names of

Defendants DOE 1 to 20 are not now known to Plaintiffs DAVON WILLIAMS and JAMES

FRANKLIN who sues Defendants DOE 1 to 20 by their fictitious names and will substitute the true and

correct names of Defendants DOE 1 to 20 when ascertained.

## GENERAL ALLEGATIONS

12.     At all times relevant herein, all wrongful acts described were performed under color of

state law and/or in concert with or on behalf of those acting under the color of state law.

13.     On May 25, 2017, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN were in the

vicinity of the Sacramento Comprehensive Treatment Center, located at 7225 East Southgate Drive, Suite

D, Sacramento, California 95823.

14.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN regularly attend this location

for treatment.

15.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN were suddenly accosted by

Defendants DOE 1 and DOE 2, law enforcement officers of Defendants COUNTY OF SACRAMENTO

and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, with guns drawn.

16.     Defendants DOE 1 and DOE 2 asked Plaintiffs DAVON WILLIAMS and JAMES

FRANKLIN, "What are you doing here?"

17.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN put their hands in the air and

responded, "We go here. We're patients here."

18.     Defendants DOE 1 and DOE 2 ordered Plaintiffs DAVON WILLIAMS and JAMES

FRANKLIN to "get down or get shot."

19.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN complied and went to the

ground, as instructed.

20.     Plaintiff JAMES FRANKLIN was on the ground when Defendant DOE 1, ran at him and

kicked him forcefully in the ribs.

21.     Defendant DOE 1 then handcuffed Plaintiff JAMES FRANKLIN and put him in the patrol

vehicle.

22.     Plaintiff DAVON WILLIAMS, who was suffering from a torn meniscus, was painfully

forced to the ground by Defendant DOE 2.

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Williams v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

23.     Plaintiff DAVON WILLIAMS is rather large and the handcuffs did not fit on him when Defendant DOE 2 attempted to apply them. Defendant DOE 2 could only apply one handcuff to Plaintiff DAVON WILLIAMS.

24.     Defendant DOE 2 ordered Plaintiff DAVON WILLIAMS into the back seat of a patrol vehicle.

25.     Plaintiff DAVON WILLIAMS said that he could not fit into the patrol vehicle.

26.     Defendant DOE 2 withdrew a telescoping baton and threatened Plaintiff DAVON WILLIAMS with it, in response to his stating that he could not fit into the vehicle.

27.     Plaintiff DAVON WILLIAMS told Defendant DOE 2 that he was treating him and Plaintiff JAMES FRANKLIN like animals.

28.     Defendant DOE 2 responded: "You wouldn't be here, if you weren't animals."

29.     On information and belief, several law enforcement officers of Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT arrived at the scene, including Defendants DOE 3 to 20. Defendants DOE 3 to 20 were present and had the ability to intervene or to object to Defendants DOE 1 and DOE 2's conduct, but did not.

30.     Defendants DOE 1 and DOE 2 spent approximately 30 minutes running wants/warrant database searches in an attempt to locate criminal histories for Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

31.     On information and belief, Defendants DOE 1 and DOE 2 were searching for a pre-textual justification for their arrests and mistreatment of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

32.     Plaintiff DAVON WILLIAMS has no criminal history.

33.     Plaintiff JAMES FRANKLIN has an old criminal history but there is nothing current.

34.     Defendants DOE 1 and DOE 2 appeared frustrated that they were unable find any basis for holding Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, after conducting database searches.

35.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN were eventually released from the patrol vehicle and the handcuffs.

36.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN sought medical treatment following their release.

37.     Plaintiff JAMES FRANKLIN received medical treatment at the U.C. Davis Medical Center, where x-rays were taken of his injured/cracked ribs. As a result of his injuries, Plaintiff JAMES FRANKLIN was briefly taken off of work and the incident has greatly exacerbated his history of panic attacks and anxiety.

38.     Plaintiff DAVON WILLIAMS received medical treatment at Kaiser Permanente in South Sacramento for his right knee pain resulting from the incident. Plaintiff DAVON WILLIAMS's bruises were photographed by nurses at the hospital. Plaintiff DAVON WILLIAMS's knee pain is ongoing.

## POLICY, CUSTOM, OR PRACTICE ALLEGATIONS

39.     On information and belief, Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting under color of state law, maintained and/or acquiesced to a policy, custom, and/or practice, and inadequate training, supervision, and/or discipline, permitting their law enforcement officers to prolong the seizure of persons for the purpose of conducting searches in the form of records checks for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants, in violation of and with deliberate indifference to rights protected by the Fourth Amendment of the U.S. Constitution and art. I, § 13 of the California Constitution.

40.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT were or should have been on notice of the policy, custom, or practice through multiple sources including, but not limited to:

a.     On information and belief, past incidents of where their law enforcement officers seized persons for the purpose of conducting searches in the form of records checks for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants;

b.     The multiple harms and violations that occurred to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN in connection with this single incident, as described;

c.     The fact that Defendant DOE 1 and DOE 2's searches occurred in the open and over an

5

extended period of time, as described, demonstrating that action was taken with impunity; and

d. The involvement of multiple law enforcement officers in the misconduct, including Defendants DOE 1 and DOE 2 and Defendants DOE 3 to 20's failure to intervene, as described, demonstrating that action any response to that action was not viewed adversely or with concern.

41. On information and belief, additional evidence and information related to the policy, custom, or practice will be sought and obtained by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN during the course of this litigation. However, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's present access to the existence or absence of internal policies, customs, or practices, prior to discovery, is necessarily limited but, on information and belief, Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT have access to and/or knowledge of past events and to statements of internal policies, customs, or practices at issue and, in some respects, may be in sole possession of evidence and facts needed to support or refute these claims.

42. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT's acquiescence in or deliberate indifference to the maintenance of such policies, customs, or practices, and were a moving force behind Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's injuries and Defendants DOE 1 to 20's improper conduct, as alleged, because Defendants DOE 1 to 20 were not adequately trained, supervised, or disciplined and acted pursuant to the policy, custom, or practice, as described.

**FIRST CLAIM**

**False Arrest**

**(Fourth and Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)**

43. The First Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20.

44. Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

45.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, without a warrant and without probable cause, and Defendants DOE 3 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede/were integral participants to their fellow officers' false arrest of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, in violation of their rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution.

46.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting under color of state law, maintained and/or acquiesced to a policy, custom, and/or practice, and inadequate training, supervision, and/or discipline, permitting their law enforcement officers to prolong the seizure of persons for the purpose of conducting searches in the form of records checks for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants, and constituted a moving force behind the violation of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution.

47.     Defendants DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution, or was wantonly or oppressively done.

48.     As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20's actions and inactions, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20, declaratory and injunctive relief against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

7

## SECOND CLAIM

### Unreasonable Force

### (Fourth and Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

49.     The Second Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants DOE 1 to 20.

50.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

51.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as a law enforcement officers, utilized excessive and unreasonable force against Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, and Defendants DOE 3 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede/were integral participants to their fellow officers' utilization of excessive and unreasonable force against Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, in violation of their rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution.

52.     Defendants DOE 1 to 20's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution, or was wantonly or oppressively done.

53.     As a direct and proximate result of Defendants DOE 1 to 20's actions and inactions, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive compensatory and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

## THIRD CLAIM

### Unreasonable Search

### (Fourth and Fourteenth Amendment to the U.S. Constitution; 42 U.S.C. § 1983)

54.     The Third Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

8

1    DEPARTMENT, and DOE 1 to 20.

2         55.    Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the

3    allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

4         56.    Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their

5    official duties as law enforcement officers, seized and continued to seize Plaintiffs DAVON WILLIAMS

6    and JAMES FRANKLIN for the purpose of running records database searches for wants/warrants,

7    without reasonable grounds to be suspicious that there might be any outstanding wants/warrants, and

8    Defendants DOE 3 to 20, acting or purporting to act in the performance of their official duties as law

9    enforcement officers, failed to intercede/were integral participants to their fellow officers' running

10   records database searches for wants/warrants, without reasonable grounds to be suspicious that there

11   might be any outstanding wants/warrants against Plaintiffs DAVON WILLIAMS and JAMES

12   FRANKLIN, in violation of their rights secured by the Fourth and Fourteenth Amendment of the U.S.

13   Constitution.

14        57.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

15   DEPARTMENT, acting under color of state law, maintained and/or acquiesced to a policy, custom,

16   and/or practice, and inadequate training, supervision, and/or discipline, permitting their law enforcement

17   officers to prolong the seizure of persons for the purpose of conducting searches in the form of records

18   checks for wants/warrants, without reasonable grounds to be suspicious that there might be any

19   outstanding wants/warrants, and constituted a moving force behind the violation of Plaintiffs DAVON

20   WILLIAMS and JAMES FRANKLIN's rights secured by the Fourth and Fourteenth Amendment of the

21   U.S. Constitution.

22        58.    Defendants DOE 1 to 20's actions and inactions were motivated by evil motive or intent,

23   involved reckless or callous indifference to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's

24   rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution, or was wantonly or

25   oppressively done.

26        59.    As a direct and proximate result of Defendants COUNTY OF SACRAMENTO,

27   SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20's actions and inactions,

28   Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive

compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20, declaratory and injunctive relief against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

## FOURTH CLAIM

### False Arrest

### (Article I, § 13 to the California Constitution; Cal. Gov. Code §§ 815.2(a) & 820(a))

60.     The Fourth Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20.

61.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

62.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, without a warrant and without probable cause, and Defendants DOE 3 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede/were integral participants to their fellow officers' false arrest of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, in violation of their rights secured by art. I, § 13 of the California Constitution.

63.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting under color of state law, maintained and/or acquiesced to a policy, custom, and/or practice, and inadequate training, supervision, and/or discipline, permitting their law enforcement officers to prolong the seizure of persons for the purpose of conducting searches in the form of records checks for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants, and constituted a moving force behind the violation of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's rights secured by art. I, § 13 of the California Constitution.

10

64. Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

65. Defendants DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

66. As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20's actions and inactions, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20, declaratory and injunctive relief against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

## FIFTH CLAIM

### Unreasonable Force

### (Article I, § 7 to the California Constitution; Cal. Gov. Code §§ 815.2(a) & 820(a))

67. The Fifth Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20.

68. Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

69. Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as a law enforcement officers, utilized excessive and unreasonable force against Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, and Defendants DOE 3 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede/were integral participants to their fellow officers' utilization of excessive and unreasonable force against Plaintiffs

11

DAVON WILLIAMS and JAMES FRANKLIN, in violation of their rights secured by art. I, § 13 of the California Constitution.

70.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

71.     Defendants DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

72.     As a direct and proximate result of Defendants DOE 1 to 20's actions and inactions, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20 and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiff DAVON WILLIAMS AND JAMES FRANKLIN, on behalf of himself and a class of similarly situated persons, prays for relief as hereunder appears.

## SIXTH CLAIM

### Unreasonable Search

### (Article I, § 7 to the California Constitution; Cal. Gov. Code §§ 815.2(a) & 820(a))

73.     The Sixth Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20.

74.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

75.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, seized and continued to seize Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN for the purpose of running records database searches for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants, and Defendants DOE 3 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, failed to intercede/were integral participants to their fellow officers' running

12

records database searches for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants against Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, in violation of their rights secured by art. I, § 13 of the California Constitution.

76.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting under color of state law, maintained and/or acquiesced to a policy, custom, and/or practice, and inadequate training, supervision, and/or discipline, permitting their law enforcement officers to prolong the seizure of persons for the purpose of conducting searches in the form of records checks for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants, and constituted a moving force behind the violation of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's rights secured by art. I, § 13 of the California Constitution.

77.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

78.     Defendants DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

79.     As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20's actions and inactions, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20, declaratory and injunctive relief against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SEVENTH CLAIM

### Bane Act

### (Cal. Civ. Code § 52.1(b); Cal. Gov. Code §§ 815.2(a) & 820(a))

80.     The Seventh Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20.

81.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 79, to the extent relevant, as if fully set forth in this Claim.

82.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as a law enforcement officers, intentionally falsely arrested, without a warrant and without probable cause, utilized excessive and unreasonable force, and seized and continued to seize for the purpose of running records database searches for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, and Defendants DOE 3 to 20 intentionally failed to intercede/were integral participants to their fellow employees' actions against, by threats, intimidation, or coercion, in violation of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution and art. I, § 13 of the California Constitution.

83.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting under color of state law, maintained and/or acquiesced to a policy, custom, and/or practice, and inadequate training, supervision, and/or discipline, permitting their law enforcement officers to prolong the seizure of persons for the purpose of conducting searches in the form of records checks for wants/warrants, without reasonable grounds to be suspicious that there might be any outstanding wants/warrants, and constituted a moving force behind the violation of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN's rights secured by the Fourth and Fourteenth Amendment of the U.S. Constitution and art. I, § 13 of the California Constitution.

84.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their

14

employment.

85.     Defendants DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

86.     As a direct and proximate result of Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20's actions and inactions, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive compensatory damages and statutory penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20, declaratory and injunctive relief against Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

## EIGHTH CLAIM

### False Arrest

### (Cal. Gov. Code §§ 815.2(a) & 820(a))

87.     The Eighth Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20.

88.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

89.     Defendants DOE 1 and DOE 2, acting or purporting to act in the performance of their official duties as law enforcement officers, falsely arrested Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN, without a warrant and without probable cause, and Defendants DOE 3 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, aided and abetted their fellow officers' false arrest of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

90.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their

employment.

91.     Defendants DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

92.     As a direct and proximate result of Defendants DOE 1 to 20's actions and inactions, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20 and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

## NINTH CLAIM

### Assault/Battery

### (Cal. Gov. Code §§ 815.2(a) & 820(a))

93.     The Ninth Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20.

94.     Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

95.     Defendants DOE 1 and DOE 1, acting or purporting to act in the performance of their official duties as law enforcement officers, intentionally touched Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN and that touching constituted unreasonable force and without consent, and Defendants DOE 3 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, aided and abetted their fellow officers' non-consented touching which constituted unreasonable force against Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

96.     Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

97.     Defendants DOE 1 to 20's actions and inactions constituted oppression and/or malice

16

1  resulting in great harm to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

2       98.    As a direct and proximate result of Defendants DOE 1 to 20's actions and inactions,

3  Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive

4  compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY

5  SHERIFF'S DEPARTMENT, and DOE 1 to 20 and punitive damages against Defendants DOE 1 to 20.

6       WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as

7  hereunder appears.

8  **TENTH CLAIM**

9  **Intentional Infliction of Emotional Distress**

10  **(Cal. Gov. Code §§ 815.2(a) & 820(a))**

11       99.    The Tenth Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN

12  against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S

13  DEPARTMENT, and DOE 1 to 20.

14       100.    Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the

15  allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

16       101.    Defendants DOE 1 to 20, acting or purporting to act in the performance of their official

17  duties as law enforcement officers, engaged in outrageous conduct and, as a result that outrageous

18  conduct, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN did suffer severe emotional distress.

19       102.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S

20  DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for

21  injuries proximately caused by acts or omissions of their employees acting within the scope of their

22  employment.

23       103.    Defendants DOE 1 to 20's actions and inactions constituted oppression and/or malice

24  resulting in great harm to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

25       104.    As a direct and proximate result of Defendants DOE 1 to 20's actions and inactions,

26  Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive

27  compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY

28  SHERIFF'S DEPARTMENT, and DOE 1 to 20 and punitive damages against Defendants DOE 1 to 20.

17

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

## ELEVENTH CLAIM

### Negligence

### (Cal. Gov. Code §§ 815.2(a) & 820(a))

105.    The Eleventh Claim is asserted by Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20.

106.    Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN reallege and incorporate the allegations of the preceding paragraphs 1 to 42, to the extent relevant, as if fully set forth in this Claim.

107.    Defendants DOE 1 to 20, acting or purporting to act in the performance of their official duties as law enforcement officers, owed Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN a duty of care and breached that duty.

108.    Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

109.    Defendants DOE 1 to 20's actions and inactions constituted oppression and/or malice resulting in great harm to Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

110.    As a direct and proximate result of Defendants DOE 1 to 20's actions and inactions, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN suffered injuries entitling them to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20 and punitive damages against Defendants DOE 1 to 20.

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN pray for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN seek Judgment as follows:

18

1. For an award of compensatory, general, and special damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DOE 1 to 20, according to proof at trial;

2. For an award of exemplary/punitive damages against Defendants DOE 1 to 20, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to federally protected rights, or were wantonly or oppressively done, or constituted oppression and/or malice resulting in great harm;

3. For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

4. For an award of declaratory or injunctive relief, enjoining and restraining Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT from continuing or repeating the policies, customs, or practices complained of herein;

5. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

6. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: August 18, 2017       Respectfully Submitted,

By: _____
  Mark E. Merin
  Paul H. Masuhara
  LAW OFFICE OF MARK E. MERIN
  1010 F Street, Suite 300
  Sacramento, California 95814
  Telephone:  (916) 443-6911
  Facsimile:  (916) 447-8336

  Attorneys for Plaintiffs
  DAVON WILLIAMS and JAMES FRANKLIN

## JURY TRIAL DEMAND

A JURY TRIAL IS DEMANDED on behalf of Plaintiffs DAVON WILLIAMS and JAMES FRANKLIN.

Dated: August 18, 2017                    Respectfully Submitted,

By: _____
        Mark E. Merin
        Paul H. Masuhara
        LAW OFFICE OF MARK E. MERIN
        1010 F Street, Suite 300
        Sacramento, California 95814
        Telephone:       (916) 443-6911
        Facsimile:        (916) 447-8336

        Attorneys for Plaintiffs
        DAVON WILLIAMS and JAMES FRANKLIN